IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Terry L. Johnson,

             *Plaintiff*,

v.

Gallia County Commissioners, *et al.*,

             *Defendants*.

CASE NO.: 20CV-65
JUDGE MORRISON
MAGISTRATE PRESTON DEAVERS

## **OPINION AND ORDER**

This civil rights action is before the court pursuant to Plaintiff Terry Johnson's Objection (ECF No. 60) to Magistrate Judge Preston Deavers' Opinion and Order ("Order") (ECF No. 59) denying Plaintiff's Motion for an Order to Release Documents (ECF No. 35). Defendants Gallia County Commissioners, Gallia County Sheriff Matt Champlin, Misty Clay, Michael Cantrell, Brent Saunders, Harold Montgomery, and David K. Smith (collectively, "Defendants") oppose the Objection. (ECF No. 61.) Johnson filed a Reply (ECF No. 62) that Defendants moved to strike (ECF No. 63). Johnson then filed a Motion for Leave to file his Reply (ECF No. 64.) The motions are disposed of as noted below.

For ease of analysis, the court incorporates the pleading background information contained in the Order herein. (ECF No. 59, PageID 349-350.)

During discovery, Johnson requested that Defendants produce "'the complete criminal record and all booking information of all inmates confined to Gallia County

1

Jail from May 1st, 2019, to May 31st, 2019.'" (ECF No. 59, PageID 349) (quoting

ECF No. 35-1 at PageID # 244.) The Order describes what happened next:

> Defendants objected to the request, and stated that Plaintiff "is not entitled to receive the criminal records of an entire inmate population over the course of one month, and such information . . . is specifically prohibited from disclosure pursuant to R.C. § 2913.04." (ECF No. 35-1 at PAGEID # 244.) Without waiving the objection, Defendants nevertheless produced the criminal prosecution case files for all of the inmates involved in the subject incident. (*Id.*) On October 13, 2020, Plaintiff's counsel sent Defendants' counsel an email requesting "the booking information and specifically the criminal records reviewed by the intake officers during that window of time." (ECF No. 35-2.) On October 16, 2020, Defendants' counsel sent Plaintiff's counsel an email with an attachment containing 323 pages of booking information for all male inmates in Gallia County Jail "B" Block on May 6, 2019 and May 7, 2019, which Defendants' counsel wrote was "in response to [the] original document production [r]equest" and was further responsive to the October 13, 2020 email as well. (ECF No. 35-3 at PAGEID # 251.) Defendants' counsel also "reiterate[d] that [they] are prohibited from accessing and/or releasing the criminal records of other inmates." (*Id.*)

(ECF No. 59, PageID 350.)

Unsatisfied with Defendants' response, Johnson filed a Motion to Compel (ECF No. 35). In so doing, Johnson failed to comport with S.D. Ohio Civ. R. 37 and Fed. R. Civ. P. 37(a)(1). The former requires parties to meet and confer and to contact the Magistrate for an informal conference before filing a Motion to Compel if the parties cannot resolve the issue. The latter allows for a motion to compel only if the motion includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

2

After noting Johnson's procedural failures, Magistrate Preston Deavers denied the Motion to Compel on the merits. (ECF No. 59.) Specifically, she determined that federal and state law prohibited the Defendants from disclosing other inmates' criminal histories. *Id*. at PageID 354. She further held that Johnson was not entitled to the booking records of all inmates confined in the Gallia County Jail for the entire month of May 2019 because such information was "disproportional to the needs of the case and its production would be unduly burdensome." *Id*. She ordered counsel to meet-and-confer "regarding whether they can come to an agreement as to a production larger than an effective one-day period of booking records but less than a full-month of records. Absent agreement between the parties, they are once again directed to contact the Court and arrange a conference." *Id*. at 361-362.

Again, opting for litigation over discussion, Johnson filed the instant Objection in lieu of contacting the Magistrate. While the Magistrate overlooked Johnson's failure to comport with the noted rules, the undersigned will not. Both rules are mandatory, not discretionary. Furthermore, Defendants have offered to "provide records listing (1) the inmates in the Gallia County Jail between May 1st and May 15, 2019, (2) the charge the inmate was being held on and (3) the location where the inmate was housed." (ECF No. 61, PageID 376.) They deserve a response.

In sum, Johnson's Objection to the Opinion and Order is **OVERRULED** for failure to comport with S.D. Ohio Civ. R. 37 and Fed. R. Civ. P. 37(a)(1). Mr. Johnson's attorney is **ORDERED** to confer with Defendants' counsel to determine if

3

an agreement can be reached on the discovery dispute. If no agreement is reached, Mr. Johnson's attorney is **ORDERED** to contact Magistrate Preston Deavers to request an informal discovery conference. If, after having taken those steps, Mr. Johnson's counsel remains unsatisfied with the results, he may utilize avenues available to him under the Local and Federal Rules of Civil Procedure.

Defendants' Motion to Strike (ECF No. 63) is **GRANTED**. "Federal Rule of Civil Procedure 72 'does not specifically provide for, nor does it contemplate in its comments, the filing of a reply memorandum in support of a party's objection.'" *Miami Valley Fair Hous. Ctr. v. Metro Dev. LLC*, No. 2:16-cv-607, 2018 U.S. Dist. LEXIS 12207, at *3 (S.D. Ohio Jan. 25, 2018) (Smith, J.) (quoting *JS Prods., Inc. v. Standley Law Grp., LLP*, No. 09-CV-311, 2010 WL 3604827, at *2 (S.D. Ohio Sept. 13, 2010) (Frost, J.), *aff'd*, 418 F. App'x 924 (Fed. Cir. 2011)). The Clerk shall **STRIKE** Johnson's Reply (ECF No. 62) from the docket.

Johnson's Motion for Leave (ECF No. 64) is **DENIED**.

**IT IS SO ORDERED**.

/s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**